IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **JANET MACKEY** § | |
| § | |
| § | CIVIL NO. 2:23-cv-140 |
| **VS.** § | |
| § | JURY DEMANDED |
| § | |
| **ROBROY INDUSTRIES-TEXAS, LLC** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I.   INTRODUCTION

1.   Plaintiff, Janet Mackey brings this action to enforce her rights under the Family and Medical Leave Act and the Americans with Disabilities Act against her former employer Robroy Industries-Texas, LLC.

### II.   JURISDICTION AND PARTIES

2.   This Court has jurisdiction to hear the merits of Ms. Mackey's claims under 28 U.S.C. §1331 and 42 U.S.C. §12117(a).

3.   All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), have occurred or been complied with:

(a)   a charge of employment discrimination on the basis of disability was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein.

(b)   A Notification of Right to Sue was received from the EEOC on March 15, 2023.

(c)   This Complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

4.   Plaintiff, Janet Mackey, is a citizen of the United States and the State of Texas who resides in Upshur County, Texas.

5.   All of the discriminatory employment practices alleged herein were committed within the Eastern District of Texas.

6. Defendant, Robroy Industries-Texas, LLC is a Texas limited liability company which operates a manufacturing plant in Gilmer, Upshur County, Texas. It may be served through its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701-3136

7. Robroy Industries-Texas, LLC employs 50 or more employees and is an "employer" within the meaning of 29 USC § 2611(4)(A) of the Family and Medical Leave Act (FMLA).

8. Robroy Industries-Texas, LLC is a "person" within the meaning of § 101(7) of the ADA, 42 U.S.C. § 12111(7), and § 701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

9. Robroy Industries-Texas, LLC is engaged in an industry that affects commerce within the meaning of Section 101(7) of the ADA, 42, U.S.C. § 12111(7), and Section 701 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

10. Robroy Industries-Texas, LLC employs 15 or more employees and is an "employer" within the meaning of Section 101(5)(A) of the ADA, 42 U.S.C. § 12111(5)(A).

II.   STATEMENT OF FACTS

11. Defendant, Robroy Industries-Texas, LLC (hereinafter "Defendant" or "Robroy") operates a manufacturing facility in Gilmer, Texas. Plaintiff, Janet Mackey was employed by Robroy from November 28, 2018 until she was terminated on June 6, 2022.

12. Mackey underwent carpel tunnel syndrome surgery on her left hand/wrist on December 20, 2021. She took six weeks off work under the FMLA and returned to work in February of 2022.

13. Mackey's problems with her employment with Robroy started when she returned to work from having surgery. Mackey was forced by Robroy to make her doctor's appointments months before the date in order to get them approved by Robroy. Mackey was also forced to

cancel some appointments because Robroy said she was taking off too much from work.

14. Because of Robroy's harassment of Mackey for taking off work to attend her medical appointments, she began to get very stressed over losing her job. The first of May, 2022, Mackey started to have chest pains, so she went to the hospital. Plaintiff's heart doctor wanted Mackey to do a stress test, but Robroy fired her before she could go. The stress over Mackey's work situation was causing her to have very bad headaches and nose bleeds.

15. Mackey then had a motorcycle accident on Saturday May 28, 2022. After the motorcycle accident, Mackey went to the hospital that day, but her leg and foot were too swollen to see the damage.

16. Despite the fact that she was injured in the accident, Mackey reported to work on Monday. Mackey worked for two and a half days before she asked Bryan Woods, on Wednesday June 1st if she could take time off work to see her doctor to treat the injuries, she sustained in the motorcycle accident. Mackey showed Bryan Woods her leg and foot and he said if you have to go ahead and go home.

17. On June 1, 2022, Mackey set an appointment up with Dr. Stanley for the next day, June 2, 2022. After making the appointment, Mackey called her supervisor "CJ" on his cell phone and told him that she had an appointment to see the doctor at 11:00 a.m. the next day so she would not be coming into work until after the appointment.

18. When Mackey arrived at work on June 2, she showed CJ a two-day medical note and that she could return to work on Monday June 6, 2022. At the time Mackey presented the medical excuse to CJ, he told her that she couldn't work with the medical boot on because it didn't have a steel toe cover on it. Mackey informed him that Robroy had an employee that had to wear the same kind of medical boot and the company had one for her to wear so she could keep on working. Later in the week, Mackey called CJ to ask him about the cover for the boot. In that

conversation CJ stated that Bryan Woods wanted to talk to her on Monday when she returned to work. On that Monday Robroy fired Mackey due to excessive medical absences. At the time of her termination, Mackey had not exhausted all leave under the FMLA to which she was entitled.

### III.   CLAIMS FOR RELIEF

### (A) FAMILY AND MEDICAL LEAVE ACT

19. The allegations contained in Paragraphs 1 through 18 are hereby incorporated by reference.

20. The FMLA was created to protect an employee's right to take leave to attend to the medical needs of himself/herself or a family member. See 29 U.S.C. § 2601(b)(2). As a means of providing such protection, the FMLA contains two distinct provisions. First, the FMLA protects the substantive rights of an employee taking leave under the Act, including the right of an employee to return from leave to the same position or an equivalent position offering equivalent employment benefits, leave, pay and other terms and conditions. 29 U.S.C. § 2614. An employer may not use an employee's FMLA leave as a negative factor in employment actions. 29 C.F.R. 825.220(c)

21. To prevail on a cause of action for interference with FMLA rights, an employee must prove both that the employer interfered with, restrained, or denied his or her exercise of FMLA rights, and also that the employee was prejudiced by such violation. More specifically, the plaintiff must establish 1) that she is an eligible employee; 2) that the defendant is an employer as defined by the FMLA; 3) that she is entitled to leave under the FMLA; 4) that she gave notice of intent to take leave; and 5) that she was denied benefits to which she was entitled. The McDonnel Douglas framework does not apply to FMLA interference cases.

22. Mackey contends that Robroy interfered with her FMLA rights by terminating her for 'too many medical absences.'

23. The second distinct provision of the FMLA prohibits an employer's discrimination

or retaliation against an employee for exercising her rights under the FMLA. See 29 U.S.C. § 2615. Under the McDonnell Douglas framework described above, an employee can make a prima facie case of retaliatory discharge under the FMLA by showing "(1) she engaged in a protected activity, (2) the employer discharged her, and (3) there is a causal link between the protected activity and the discharge."

24. Mackey asserts that Robroy terminated her employment in retaliation for her request for protected medical leave and also in retaliation for taking protected medical leave under the FMLA.

### (B) AMERICANS WITH DISABILITIES ACT

25. The allegations contained in Paragraphs 1 through 18 are hereby incorporated by reference.

26. As a result of her medical conditions described herein, Mackey has been an individual with a "disability" within the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. § 12102(2). More particularly, Mackey has impairments that substantially limits one or more of her major life activities, has a record of such an impairment, and/or was regarded by Robroy as having such an impairment.

27. Mackey is a "qualified individual with a disability" as that term is defined in § 101(8) of the ADA, 42 U.S.C. § 12111(8). More specifically, Mackey is an individual with a disability who, with reasonable accommodation, can perform the essential functions of her job for Robroy.

28. The effect of these unlawful practices has been to deprive Mackey of equal employment opportunities, and to otherwise adversely affect her employment status as an individual with a disability or an individual who was regarded as having a disability.

29. Based upon the stated allegations, Mackey asserts two claims under the ADA: (1) failure to make reasonable accommodation to Mackey's disabilities, which constitutes

discrimination against Mackey with respect to terms, conditions, or privileges of employment in violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. § 12112(b)(5)(A). In connection with Mackey's accommodation claim, Robroy failed to undertake any good faith efforts, in consultation with Mackey, to identify and make a reasonable accommodation with Mackey; and (2) Terminating Mackey because it regarded her as being disabled.

30. Mackey alleges that Robroy regarded her as being disabled when it made the decision to terminate her employment. Mackey also alleges that Robroy violated the ADA when it failed to accommodate her actual disability.

### IV.   ACTUAL DAMAGES

31. As a direct and proximate result of Robroy's violation of the FMLA and violation of the ADA, Mackey has suffered economic damages in the form of lost wages and benefits and lost employment opportunities.

32. As a direct and proximate cause of Robroy's violations of the ADA, Mackey has suffered mental anguish, loss of enjoyment of life, and other non-pecuniary losses which entitle her to be entitled to recover compensatory damages.

33. The unlawful employment practices complained of above were willful within the meaning of Section 706(g)(1) of Title VII, 42 U.S.C. § 2000e-5(g)(1), as incorporated by Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

### V.   PUNITIVE DAMAGES

34. The conduct committed by Robroy against Mackey is the type of conduct demonstrating malice or reckless indifference to the rights of Mackey. Therefore, Plaintiff Mackey brings suit for punitive damages.

### VI.   LIQUIDATED DAMAGES

35. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Mackey further seeks liquidated

damages in an amount equal to wages, salary, employment benefits, or other compensation lost under the provisions of the FMLA.

## VII.   ATTORNEYS' FEES AND EXPERT FEES

36.   A prevailing party may recover reasonable attorneys' and experts' fees. SEE 42 U.S.C. §2000e-5(k). Mackey seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Mackey additionally brings suit for attorney's fees, expert fees and other costs pursuant to 29 U.S.C. §2617(a)(3).

## VIII.   JURY DEMAND

37.   Mackey demands trial by jury.

## IX.   RELIEF REQUESTED

38.   Plaintiff Mackey requests the judgment of this Court against Defendant, Robroy, as follows:

(a)   Find and hold that Mackey has suffered from Defendant's acts of discrimination on the basis of her actual or perceived disability;

(b)   Order that Plaintiff be awarded the back pay she would have earned, with related monetary benefits and interest thereon, had he been reinstated to his position;

(c)   Award Plaintiff compensatory damages in an amount to be determined at trial of this matter;

(d)   Award Plaintiff liquidated damages pursuant to the FMLA;

(e)   Award Plaintiff attorney fees and expert fees, including litigation expenses, and the cost of this action; and

(f)   Grant such other and further relief as may be just and proper.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
bhommel@hommelfirm.com
HOMMEL LAW FIRM PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
(903) 596-7100 Phone/Fax

ATTORNEY FOR PLAINTIFF